Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2196 | **DATE** | 5/20/11 |
| **CASE TITLE** | Morando Trini (2010-1107141) vs. Supt. Reyes, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $73.33 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit a proposed amended complaint (plus a Judge's copy and service copies). Failure to submit a proposed amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Plaintiff's motion for appointment of counsel (Dkt. No. 5) is denied without prejudice.

■[ For further details see text below.]

## STATEMENT

Pro se plaintiff Morado Trini is a detainee at the Cook County Jail. He has brought a complaint pursuant to 42 U.S.C. § 1983 challenging his treatment. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for appointment of counsel. (Dkt. No. 5).

The plaintiff motion for leave to proceed *in forma pauperis* (Dkt. No. 4), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $73.33. The trust fund officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is authorized and ordered to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer to another correctional facility.

Turning to the initial review, plaintiff's proposed complaint is unacceptable and is dismissed. Plaintiff is given leave to submit a proposed amended complaint.

| STATEMENT |
|---|

Plaintiff alleges that he was handcuffed with his hands behind his back for an extended period of time. The complaint at one point states a few hours while at other points alleged that the handcuffing occurred over a week. Regardless, plaintiff alleges that his shoulder was injured, and possibly dislocated, by the event. He informed Jail officials that he was in pain and needed medical attention, but to no avail.

Plaintiff sets forth claims for both deliberate indifference to his medical needs, and unnecessary and wanton infliction of pain. *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009)) (wanton infliction of pain); *Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006)) (deliberate indifference to medical needs). However, his proposed complaint is unsatisfactory because he names supervisory officials Reyes, Brown, Dart, Mueller and Godinez, but does not claim that they had any personal involvement in the alleged unconstitutional violation. Instead, plaintiff alleges that these defendants have created an official policy or custom condoning this type of alleged mistreatment.

"Section 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 811 (7th Cir. 2000); *Davis v. Zirkelbach*, 149 F.3d 614, 619 (7th Cir. 1998)). Agency principles of *respondent superior* and vicarious liability do not apply to § 1983 claims. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008) (citing *Monell v. New York City Dep't Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hosty v. Carter*, 412 F.3d 731, 733 (7th Cir. 2005)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("[P]laintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution.").

However, correctional officials may violate the Constitution resulting in their own individual liability if they "know about the unconstitutional conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (citing *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). A person is personally liable when his own conduct causes the constitutional violation. *Chavez v. Illinois State Police*, 251 F.3d 612, 652 (7th Cir. 2001); *see also Jones*, 856 F.2d at 993 ("In constitutional tort cases as in other cases, a man is responsible for the natural consequences of his actions.") (citations omitted).

Plaintiff should name as defendants the individuals who were personally responsible for allegedly injuring him with the handcuffs and ignoring his requests for medical assistance. He should only name a supervisor as an individual defendant if he can plausibly allege how this supervisor was involved.

Plaintiff should also consider performing basic research about his case. He appears to be proceeding on an individual liability theory, and yet he alleges a policy and custom which would place his case within *Monell v. New York City Dep't Soc. Servs.*, 436 U.S. 658 (1978). Plaintiff should be clear in his proposed amended complaint whether he wants to bring claims against the defendants in their individual capacity, a suit against Cook County under *Monell*, or both. A suit against an individual correctional official in his official capacity is in actuality a suit against Cook County under *Monell*. *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010).

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit a proposed amended complaint on the Court's required form. The plaintiff must write both the case number and the Judge's name on the proposed amended complaint, sign it,

| STATEMENT |
|---|

and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant named in the proposed amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed. However, the plaintiff will still be responsible for paying the filing fee.

Plaintiff's motion for appointment of counsel (Dkt. No. 5) is denied without prejudice. "There is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent plaintiff, this Court considers whether: (1) plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). This Court has discretion in determining whether to recruit counsel for a pro se plaintiff. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008) (citing *Pruitt*, 503 F.3d at 655). Plaintiff has failed to make any attempts to secure counsel on his own and so his motion must be denied. He should contact law firms or other legal services organizations and request that they take his case. He may renew his motion if he is unsuccessful in obtaining his own counsel. Any renewed motion for appointment of counsel should detail plaintiff's efforts at obtaining counsel such as including the letters he receives from law firms and legal organizations responding to his requests for representation.

In summary, the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $73.33 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit a proposed amended complaint (plus a Judge's copy and service copies). Failure to submit a proposed amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Plaintiff's motion for appointment of counsel (Dkt. No. 5) is denied without prejudice.